**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC, | § | |
| | § | |
| Plaintiff/Counterclaim Defendant | § | |
| | § | **CASE NO. 6:12-cv-00785-LED** |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| FOURSQUARE LABS, INC., | § | |
| | § | |
| Defendant/Counterclaim Plaintiff. | § | |
| | § | |
| | § | |

**FOURSQUARE LABS, INC.'S
ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant/Counterclaim Plaintiff Foursquare Labs, Inc. ("Foursquare"), by and through its undersigned counsel, as and for its Answer to the Amended Complaint of Plaintiff/Counterclaim Defendant Evolutionary Intelligence, LLC ("Evolutionary"), hereby states as follows:

Foursquare denies each and every allegation contained in the Amended Complaint that is not expressly admitted below.  Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts.  Foursquare denies that Evolutionary is entitled to the relief requested or any other relief.

**ANSWER**

**THE PARTIES**

1.     Plaintiff Evolutionary Intelligence, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in San Francisco, California.

**ANSWER:**   Foursquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore denies the same.

2.      Upon information and belief, Defendant Foursquare Labs, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 36 Cooper Square, Fifth Floor, New York, New York 10003.

**ANSWER:**   Foursquare admits that it is a Delaware corporation.  Foursquare denies the remainder of Paragraph 2.

## JURISDICTION AND VENUE

3.      Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

**ANSWER:**   Foursquare hereby incorporates its answers to the allegations of Paragraphs 1-2 by this reference as though set forth in full.

4.      This action is for patent infringement pursuant to the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**   Foursquare admits that Evolutionary alleges patent infringement.  Without conceding to the validity or addressing the merits of any claim contained herein, Foursquare admits that Evolutionary purports to base this action as arising under the patent laws of the United States, including 35 U.S.C. § 1 *et seq*.  Without conceding to the validity or addressing the merits of any claim contained herein, this Court has jurisdiction over patent infringement actions under 28 U.S.C. § 1338(a).  To the extent a further response is required, Foursquare denies any other allegations of Paragraph 4.

5.      Personal jurisdiction exists generally over Defendant because Defendant has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas. Personal jurisdiction also exists specifically over Defendant because it, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets one or more products and/or services within the State of Texas, and more particularly, within the Eastern District of Texas, that infringe the patent-in-suit, as described more particularly below.

**ANSWER:**   The allegations contained in Paragraph 5 state legal conclusions to which

no response is required.  To the extent a response is required Foursquare denies the allegations of

Paragraph 5.

6.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b), because Defendant has committed acts of infringement in the Eastern District of Texas and has transacted business in the Eastern District of Texas.

**ANSWER:**   The allegations contained in Paragraph 6 state legal conclusions to which

no response is required.  To the extent a response is required Foursquare denies the allegations of

Paragraph 6.

**COUNT ONE**
**ALLEGATIONS REGARDING U.S. PATENT NO. 7,010,536**

7.      Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

**ANSWER:**   Foursquare hereby incorporates its answers to the allegations of

Paragraphs 1-6 by this reference as though set forth in full.

8.      Plaintiff is the owner of all right, title, and interest in United States Patent No. 7,010,536, entitled "System and Method for Creating and Manipulating Information Containers with Dynamic Registers," duly and legally issued by the United States Patent and Trademark Office on March 7, 2006 (the "'536 patent"). A true and correct copy of the '536 patent is attached hereto as Exhibit A.

**ANSWER:**   Foursquare states that the '536 patent speaks for itself.  The remainder of

the allegations contained in Paragraph 8 state a legal conclusion to which no response is

required.  To the extent a response is required, Foursquare denies the remaining allegations of

Paragraph 8.

9.      Defendant has infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '536 patent under 35 U.S.C. § 271 by making, using, offering to sell, and/or selling the patented invention within the United States. Specifically, Defendant has infringed and continues to infringe the '536 patent by making, using, offering to sell, and/or selling its Foursquare mobile device application and merchant platform, currently described at https://foursquare.com/about.

**ANSWER:** The allegations contained in Paragraph 9 state a legal conclusion to which no response is required. To the extent a response is required, Foursquare denies the allegations of Paragraph 9.

10.     As a result of Defendant's infringing activities with respect to the '536 patent, Plaintiff has suffered damages in an amount not yet ascertained. Plaintiff is entitled to recover damages adequate to compensate it for Defendant's infringing activities in an amount to be determined at trial, but in no event less than reasonable royalties, together with interest and costs. Defendant's infringement of Plaintiff's exclusive rights under the '536 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**ANSWER:** The allegations contained in Paragraph 10 state a legal conclusion to which no response is required. To the extent a response is required, Foursquare denies the allegations of Paragraph 10.

## COUNT TWO
## ALLEGATIONS REGARDING U.S. PATENT NO. 7,702,682

11.     Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

**ANSWER:** Foursquare hereby incorporates its answers to the allegations of Paragraphs 1-10 by this reference as though set forth in full.

12.     Plaintiff is the owner of all right, title, and interest in United States Patent No. 7,702,682, entitled "System and Method for Creating and Manipulating Information Containers with Dynamic Registers," duly and legally issued by the United States Patent and Trademark Office on April 20, 2010 (the "'682 patent"). A true and correct copy of the '682 patent is attached hereto as Exhibit B.

**ANSWER:** Foursquare states that the '682 patent speaks for itself. The remainder of the allegations contained in Paragraph 12 state a legal conclusion to which no response is required. To the extent a response is required, Foursquare denies the remaining allegations of Paragraph 12.

13.     Defendant has infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '682 patent under 35 U.S.C. § 271 by making, using, offering to sell, and/or selling the patented invention within the United States.

Specifically, Defendant has infringed and continues to infringe the '682 patent by making, using, offering to sell, and/or selling its Foursquare mobile device application and merchant platform, currently described at https://foursquare.com/about.

**ANSWER:**   The allegations contained in Paragraph 13 state a legal conclusion to which no response is required.   To the extent a response is required, Foursquare denies the allegations of Paragraph 13.

14.   As a result of Defendant's infringing activities with respect to the '682 patent, Plaintiff has suffered damages in an amount not yet ascertained. Plaintiff is entitled to recover damages adequate to compensate it for Defendant's infringing activities in an amount to be determined at trial, but in no event less than reasonable royalties, together with interest and costs. Defendant's infringement of Plaintiff's exclusive rights under the '682 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**ANSWER:**   The allegations contained in Paragraph 14 state a legal conclusion to which no response is required.   To the extent a response is required, Foursquare denies the allegations of Paragraph 14.

## EVOLUTIONARY'S REQUEST FOR RELIEF

Foursquare hereby incorporates by reference its answers to all paragraphs in Evolutionary's Amended Complaint as though fully set forth herein.

Foursquare denies that Evolutionary is entitled to any or all of the relief requested in its Amended Complaint.

## AFFIRMATIVE DEFENSES

Foursquare reserves the right to allege defenses in addition to the following as they become known through the course of discovery.

## First Defense - Noninfringment

1.   Foursquare has not infringed and does not infringe directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '536 and/or '682 patents, either literally or under the doctrine of equivalents.

### Second Defense - Invalidity

2.      One or more claims of the '536 and/or '682 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq*., including without limitation, §§ 101, 102, 103 and/or 112.

### Third Defense – Estoppel/Laches/Waiver

3.      One or more of Evolutionary's claims are barred, in whole or in part, by the doctrines of estoppels, laches, and/or waiver.

### Fourth Defense – Limitation of Remedies

4.      Evolutionary is not entitled to injunctive relief because any alleged injury to Evolutionary is not immediate or irreparable, and Evolutionary has an adequate remedy at law.

### COUNTERCLAIMS

For its counterclaim against Evolutionary Intelligence, LLC ("Evolutionary"), Counterclaim-Plaintiff Foursquare Labs, Inc. ("Foursquare") alleges as follows:

### PARTIES

1.      Foursquare is a Delaware corporation with its principal place of business at 568 Broadway, 10th Floor, New York, NY 10012.

2.      On information and belief, Counterclaim-Defendant Evolutionary is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in San Francisco, California.

### JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      This Court has personal jurisdiction over Evolutionary and venue is proper in this Court for purposes of Foursquare's counterclaims because this is the Court in which Evolutionary instituted this action.

**COUNT I**
**DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,010,536**

5.      An actual and justiciable controversy requiring declaratory relief exists between Foursquare and Evolutionary as evidenced by Evolutionary's Amended Complaint, alleging infringement of United States Patent No. 7,010,536 ("the '536 patent") by Foursquare.

6.      Foursquare has not infringed and does not infringe directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '536 patent, either literally or under the doctrine of equivalents.

**COUNT II**
**DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,010,536**

7.      The claims of the '536 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, §§ 101, 102, 103 and/or 112.

**COUNT III**
**DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,702,682**

8.      An actual and justiciable controversy requiring declaratory relief exists between Foursquare and Evolutionary as evidenced by Evolutionary's Amended Complaint, alleging infringement of United States Patent No. 7,702,682 ("the '682 patent") by Foursquare.

9.      Foursquare has not infringed and does not infringe directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '682 patent, either literally or under the doctrine of equivalents.

## COUNT IV
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,702,682

10.     The claims of the '682 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, §§ 101, 102, 103 and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Foursquare prays for an order entering judgment as follows:

A.     Denying all claims for relief set forth in the Amended Complaint and entering judgment in favor of Foursquare on all claims;

B.     Declaring that Foursquare has not infringed and does not infringe directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '536 patent, either literally or under the doctrine of equivalents.

C.     Declaring that the claims of the '536 patent are invalid.

D.     Declaring that Foursquare has not infringed and does not infringe directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '682 patent, either literally or under the doctrine of equivalents.

E.     Declaring that the claims of the '682 patent are invalid.

F.     Awarding Foursquare its costs in this matter;

G.     Awarding Foursquare its attorneys' fees pursuant to 35 U.S.C. § 285; and

H.     Awarding any other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Foursquare respectfully requests a trial by jury.

Date: December 14, 2012                      Respectfully submitted,

By:    /s/Alan D Albright
        Alan D Albright
        State Bar No. 00973650
        Alan.Albright@bgllp.com
        BRACEWELL & GIULIANI LLP
        111 Congress Avenue, Suite 2300
        Austin, Texas 78701
        (512) 472-7800
        (512) 472-9123 fax

Craig R. Smith (to be admitted *pro hac*)
William J. Seymour
New York Bar No. 4770665
LANDO & ANASTASI, LLP
Riverfront Office Park
One Main Street – 11th Floor
Cambridge, MA 02142
Telephone (617) 395-7000
Facsimile: (617)-395-7070
csmith@lalaw.com
WSeymour@LALaw.com

**Counsel for Defendant-Counterclaim Plaintiff, Foursquare Labs, Inc.**

9

## CERTIFICATE OF SERVICE

I hereby certify that the all counsel of record, who are deemed to have consented to electronic service are being served December 14, 2012, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Alan D Albright
Alan D Albright
